[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-16271

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 22, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00210 CV-CAR-5

JOHN HART,

Petitioner-Appellant,

versus

VICTOR WALKER,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(March 22, 2006)**

Before ANDERSON, DUBINA and HILL, Circuit Judges.

PER CURIAM:

The magistrate judge dismissed the instant habeas petition in a report and

recommendation which provided only "that petitioner's claims have never been

reviewed on direct appeal or by a state habeas court since petitioner's direct appeal merely challenged the trial court's denial of his motion to withdraw his guilty plea." The district court adopted the recommendation, and entered judgment dismissing. Hart appeals. This court granted a certificate of appealability on the following issue only: whether the district court erred in dismissing without prejudice appellant's 28 U.S.C. § 2254 petition for failure to exhaust state remedies.

The court below apparently accepted the respondent's argument that a direct appeal from a denial of a motion to withdraw a guilty plea cannot exhaust the claims thus litigated. As respondent now concedes on appeal, the court below erred in this regard. It is apparent that at least some of petitioner's claims were fully exhausted in the litigation before the state trial court with respect to petitioner's attempt to withdraw his guilty plea, and it is also apparent that at least some of petitioner's claims were fairly presented to the state appellate court, thus fully exhausting same. We decline to undertake ourselves to parse the litigation before the state trial court in connection with the withdrawal proceedings or the appeal therefrom to determine which of petitioner's instant claims have been fully exhausted, and which perhaps have not. We prefer for the district court to undertake that analysis in the first instance.

Accordingly, the judgment of the district court is vacated and the case is remanded for further proceedings not inconsistent with this opinion. If on remand, the district court concludes that this is a mixed petition (i.e., containing both exhausted and unexhausted claims), then petitioner shall have the option to decide whether to dismiss with prejudice any unexhausted claims and continue forthwith to litigate the exhausted claims in federal court. If petitioner elects to attempt to exhaust such unexhausted claims in state court, then, the district court shall consider the factors set out in Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005), to determine whether to stay the instant petition and hold it in abeyance pending exhaustion, or whether to dismiss the mixed petition without prejudice.

VACATED AND REMANDED.